Kevin J. Gramling, Bar No. 188335
Christopher D. Holt, Bar No. 228399
KLINEDINST PC
4 Hutton Centre Drive, Suite 675
Santa Ana, California 92707
(714) 542-1800/FAX (714) 542-3592
kgramling@klinedinstlaw.com
cholt@klinedinstlaw.com

Attorneys for Defendant
LVNV FUNDING, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EASON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HARRIS & ZIDE and LVNV FUNDING, LLC,<br><br>　　　　Defendant. | Case No.   08 CV 0811 DMS (LSP)<br><br>**ANSWER OF DEFENDANT LVNV FUNDING, LLC**<br><br>Judge:　　　　　　Dana M. Sabraw<br>Magistrate Judge: Leo S. Papas<br>Complaint Filed:　May 2, 2008<br>Trial Date:　　　　None set |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant LVNV Funding, LLC ("LVNV"), as and for its Answer to the Complaint of Michael Eason ("Plaintiff") in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein.

### I.

### RESPONSES TO PLAINTIFF'S ALLEGATIONS

1. In response to Paragraph 1 of Plaintiff's Complaint, LVNV states that the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") speaks for itself while denying all misstatements and misinterpretations, if any, of the FDCPA.

2. In response to Paragraph 2 of Plaintiff's Complaint, LVNV states that the paragraph is not clear as to which "Defendant" it pertains as there are more than one defendants. To the extent said paragraph alleges violations of the FDCPA by LVNV, LVNV denies the same.

3. In response to Paragraph 3 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

4. In response to Paragraph 4 of Plaintiff's Complaint, LVNV admits that the statutes referenced relate to jurisdiction, but denies that jurisdiction is appropriate as LVNV did not violate any law.

5. In response to Paragraph 5 of Plaintiff's Complaint, LVNV states that the paragraph is not clear as to which "Defendant" it pertains as there are more than one defendants. To the extent said paragraph alleges violations of the FDCPA by LVNV, LVNV denies the same. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

6. In response to Paragraph 6 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

7. In response to Paragraph 7 of Plaintiff's Complaint, LVNV denies the allegations.

8. In response to Paragraph 8 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

///

KLINEDINST PC
4 HUTTON CENTRE DRIVE, STE. 675
SANTA ANA, CALIFORNIA 92707

9. In response to Paragraph 9 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

10. In response to Paragraph 10 of Plaintiff's Complaint, LVNV denies all allegations.

11. In response to Paragraph 11 of Plaintiff's Complaint, LVNV admits that Plaintiff allegedly incurred a debt. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the allegations and therefore denies the same and puts Plaintiff to his strictest burden of proof.

12. In response to Paragraph 12 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

13. In response to Paragraph 13 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

14. In response to Paragraph 14 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

15. In response to Paragraph 15 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

16. In response to Paragraph 16 of Plaintiff's Complaint, LVNV admits the allegations.

ANSWER OF DEFENDANT LVNV FUNDING, LLC
08 CV 0811 DMS (LSP)

17. In response to Paragraph 17 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

18. In response to Paragraph 18 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

19. In response to Paragraph 19 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

20. In response to Paragraph 20 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

21. In response to Paragraph 21 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

22. In response to Paragraph 22 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

23. In response to Paragraph 23 of Plaintiff's Complaint, LVNV denies that any agent of it called Plaintiff or his wife. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of

proof.

24. In response to Paragraph 24 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to admit or deny the allegations set forth therein against all other defendants and therefore denies the same and puts Plaintiff to his strictest burden of proof.

25. In response to Paragraph 25 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

26. In response to Paragraph 26 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

27. In response to Paragraph 27 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

28. In response to Paragraph 28 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

29. In response to Paragraph 29 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

///
///

ANSWER OF DEFENDANT LVNV FUNDING, LLC
08 CV 0811 DMS (LSP)

1  30. In response to Paragraph 30 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

31. In response to Paragraph 31 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

32. In response to Paragraph 32 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

33. In response to Paragraph 33 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

34. In response to Paragraph 34 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

35. In response to Paragraph 35 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

36. In response to Paragraph 36 of Plaintiff's Complaint, LVNV adopts by reference paragraphs 1 through 35 of this Answer.

37. In response to Paragraph 37 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information

and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

38. In response to Paragraph 38 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

39. In response to Paragraph 39 of Plaintiff's Complaint, LVNV denies that Plaintiff suffered, nor is he entitled to, any actual damages.

40. In response to Paragraph 40 of Plaintiff's Complaint, LVNV denies that Plaintiff is entitled to any statutory damages.

41. In response to Paragraph 41 of Plaintiff's Complaint, LVNV denies that Plaintiff is entitled to any attorney fees or costs.

42. In response to Paragraph 42 of Plaintiff's Complaint, LVNV denies that Plaintiff is entitled to a trial by jury as there has been no violation of law.

## II.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

LVNV's actions have not been willful, to the extent that they violate California or federal law, which LVNV denies.

### THIRD DEFENSE

Plaintiff failed to exercise ordinary and reasonable care on his own behalf, and such negligence and carelessness was a proximate cause of some portion, up to and including the whole of, the damages alleged by Plaintiff and his recovery should therefore be barred or reduced according to law.

///

///

## FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel, acquiescence, and waiver.

## FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which LVNV denies, was due to the affirmative actions and/or omissions of Plaintiff and do not give rise to any liability of LVNV.

## SIXTH DEFENSE

Plaintiff's action against LVNV is barred, in whole or in part, by the applicable statute(s) of limitations.

## SEVENTH DEFENSE

Any damage to Plaintiff, which LVNV denies, is due to the acts or omissions of Plaintiff and/or third parties and LVNV is not liable for said acts, omissions or alleged damages.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the lack of proximate cause.

## NINTH DEFENSE

Plaintiff's claims are barred because Plaintiff failed to mitigate his damages.

## TENTH DEFENSE

Plaintiff's claims are barred by his lack of standing.

## ELEVENTH DEFENSE

Plaintiff's claims are barred because Plaintiff failed to perform as agreed in breach of their contracts with his underlying creditors.

## TWELFTH DEFENSE

Plaintiff's claims are barred by Plaintiff's unclean hands.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unjust enrichment.

///

### THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of res judicata/collateral estoppel.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred by the defense of in pari delicto.

### FOURTEENTH DEFENSE

Upon information and belief, Plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the transaction that is the subject matter of the instant litigation.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred because the statements or acts attributed to LVNV, if made, were privileged communication by interested parties, without malice, to interested persons who requested the information.

### SIXTEENTH DEFENSE

Any violation of the Fair Debt Collection Practices Act, title 15 of the United States Code sections 1692 *et seq.*, or the Rosenthal Fair Debt Collection Practices Act, California Code sections 1788 *et seq.*, if applicable, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### SEVENTEENTH DEFENSE

Plaintiff suffered no damage from the alleged violations by LVNV and therefore is not entitled to any award of damages, attorneys' fees or costs.

### EIGHTEENTH DEFENSE

LVNV was not a debt collector as defined under California or federal law, in regard to the instant matter.

### NINETEENTH DEFENSE

All of LVNV's actions have been in accordance with California and federal debt collection practices and consumer credit laws.

### TWENTIETH DEFENSE

LVNV asserts lack of personal jurisdiction, subject matter jurisdiction and venue.

### TWENTY-FIRST DEFENSE

LVNV may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize his claims, due to the fact that LVNV does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges that LVNV may share some responsibility. LVNV therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

### TWENTY-SECOND DEFENSE

LVNV reserves the right to amend its answer including the addition of affirmative defenses after pleading and discovery in preparation for trial.

## III.

## PRAYER FOR RELIEF

WHEREFORE, Defendant LVNV prays for an order and judgment of this Court in its favor against Plaintiffs as follows:

1. Dismissing all causes of action against it with prejudice and on the merits;

2. Awarding its reasonable costs and attorneys' fees; and

///
///
///
///

3. Awarding it such other and further relief as the Court deems just and equitable.

KLINEDINST PC

DATED: June 6, 2008

By: _____
KEVIN J. GRAMLING
CHRISTOPHER D. HOLT
Attorneys for Defendant
LVNV FUNDING, LLC

634487v1

Kevin J. Gramling, Bar No. 188335
Christopher D. Holt, Bar No. 228399
KLINEDINST PC
4 Hutton Centre Drive, Suite 675
Santa Ana, California 92707
(714) 542-1800/FAX (714) 542-3592
kgramling@klinedinstlaw.com
cholt@klinedinstlaw.com

Attorneys for Defendant
LVNV FUNDING, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EASON,<br><br>  Plaintiff,<br><br>v.<br><br>HARRIS & ZIDE and LVNV FUNDING, LLC,<br><br>  Defendant. | Case No.  08 CV 0811 DMS (LSP)<br><br>**CERTIFICATE OF SERVICE**<br><br>Judge:  Dana M. Sabraw<br>Magistrate Judge: Leo S. Papas<br>Complaint Filed: May 2, 2008<br>Trial Date:  None set |

- 1 -

**CERTIFICATE OF SERVICE**
08 CV 0811 DMS (LSP)

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA  )
                     )
COUNTY OF ORANGE     )

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of Orange, California, and my business address is 4 Hutton Centre Drive, Suite 675, Santa Ana, California 92707.

On **June 9, 2008**, I caused to be served the following documents:

**ANSWER OF DEFENDANT LVNV FUNDING, LLC**

☒ **BY REGULAR MAIL:** I caused such envelopes to be deposited in the United States mail, at Santa Ana, California, with postage thereon fully prepaid, individually, addressed to the parties as indicated. I am readily familiar with the firm's practice of collection and processing correspondence in mailing. It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to. (Fed. R. Civ. P. 5(b)(2)(B).)

☐ **BY OVERNIGHT SERVICE:** I caused such envelopes to be delivered by Overnight/Express Mail Delivery to the addressee(s) noted in this Certificate of Service.

☐ **BY FACSIMILE TRANSMISSION:** I caused a true copy of the foregoing document(s) to be transmitted (by facsimile # ) to each of the parties mentioned above at the facsimile machine and as last given by that person on any document which he or she has filed in this action and served upon this office.

☐ **BY ELECTRONIC FILING SERVICE:** Complying with Fed. R.Civ. P. 5(b)(2)(D), my electronic business address is cgagne@klinedinstlaw.com and I caused such document(s) to be electronically served for the above-entitled case to those parties on the Service List below. The file transmission was reported complete and a copy will be maintained with the original document(s) in our office.

☐ **BY PERSONAL SERVICE:** I served the person(s) listed below by leaving the documents, in an envelop or package clearly labeled to identify the person being served, to be personally served via Cal Express Attorney Service on the parties listed on the service list below at their designated business address.

☐ By personally delivering the copies;

☐ By leaving the copies at the attorney's office;

☐ With a receptionist, or with a person having charge thereof; or

- 2 -

**CERTIFICATE OF SERVICE**
08 CV 0811 DMS (LSP)

☐ In a conspicuous place in the office between the hours of _____ in the morning and five in the afternoon;

☐ By leaving the copies at the individual's residence, a conspicuous place, between the hours of eight in the morning, and six in the afternoon.

I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Santa Ana, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 9, 2008, at Santa Ana, California.

_____
Carrie L. Gagne

- 3 -

**CERTIFICATE OF SERVICE**
08 CV 0811 DMS (LSP)

Service List
Eason v. Harris & Zide, et al.
194-5012

| Joshua B. Swigart, Esq.<br>David McGlothlin, Esq.<br>Hyde & Swigart<br>411 Camino Del Rio South, Suite 301<br>San Diego, CA 92108-3551 | T: (619) 233-7770<br>F: (619) 297-1022<br><br>Attorneys for Plaintiff<br>**MICHAEL EASON** |
|---|---|

634376v1

KLINEDINST PC
4 HUTTON CENTRE DRIVE, STE. 675
SANTA ANA, CALIFORNIA 92707

- 4 -

**CERTIFICATE OF SERVICE**
08 CV 0811 DMS (LSP)